## SUPREME COURT.

WILLIS S. PAINE, as receiver of the Bond Street Savings
Bank, agt. ROBERT IRWIN and others.

*Savings banks — purchase of mortgages from a trustee of such bank con-
demned — Such transaction ultra vires.*

Where a savings bank in the city of New York purchases from a trustee
of such bank bonds and mortgages owned by him, aggregating $32,000,
made by one person upon unproductive property in the city of Brooklyn
of uncertain value, not worth twice the value of the mortgages, such
transaction is *ultra vires.*

*Special Term, August,* 1880.

*Wilson M. Powell,* attorney for defendant Willetts, executor,
&c., and *Arthur G. Sedgwick* and *Edmund Randolph Rob-
inson,* of counsel, for demurrer.

*Elihu Root,* attorney and counsel for defendant Toucey.

*Barlow & Olney,* attorneys, and *Francis C. Barlow,* of
counsel for plaintiff, opposed.

VAN VORST, *J.* — It is unnecessary to repeat the reasons
which led to the conclusion that the demurrers in the action
in favor of this same plaintiff against Barnum and others
(*ante,* 303) could not be sustained. In so far as it is applicable,
what was there decided as to the liability of the trustees of
the Bond Street Savings Bank must be regarded as the law of
this case.

The case, however, has some features peculiar to itself.
The complaint contains two causes of action. In the first the
defendants are sought to be held liable for an alleged breach
of trust, in appropriating the moneys of the bank in the pur-
chase of four bonds and mortgages for $8,000 each, made by

one Donnelly; the mortgages being upon property in Vanderbilt avenue in the city of Brooklyn. These bonds and mortgages were owned by George W. Mead, a trustee of the bank, and were purchased from him by the bank, with its funds, by the direction of the trustees. The testator of the defendants who demur, as well as the defendant, Toucey, voted for and approved the purchase.

It is alleged that the mortgaged premises were not productive property, and that its value was uncertain, contingent and speculative, dependent upon the completion of buildings thereon; that the premises were not worth twice the amount of the mortgages.

The purchase of these mortgages was *ultra vires*. The following are some of the reasons for such conclusion:

They were purchased from a trustee. Such dealing by trustees with a co-trustee is in itself open to just objection, but the transaction is in violation of the prohibition contained in section 6 of the charter of the bank, to the effect that no trustee shall, directly or indirectly, borrow any of the funds of the bank, or in any manner use the same except to pay necessary current expenses. Trustees who sanction such use of the money by a co-trustee, equally with him, violate the law.

The force of this prohibition is not avoided by resorting to a purchase from a trustee of mortgages, instead of loaning money to him thereon. When the substance of the statute is violated, the form which is given to the transaction is immaterial.

It was also a violation of the provisions of the charter which prohibit lending more than $20,000 to one individual on bond and mortgage. Buying mortgages is as much within the prohibition as lending money and taking mortgages. In addition, the mortgages were upon unproductive property not worth double the amount, as required by section 6 of the charter. For the purposes of this demurrer, I think the complaint sufficiently shows loss. A breach of statutory obligation and a violation of duties imposed, may well be presumed to be

followed by loss. But the complaint discloses actual loss — its amount is yet to be determined on the trial.

The other objections to this cause of action are sufficiently covered by what is said in the case of *Paine, receiver,* agt. *Barnum and others (ante,* 303).

The objections to the second cause of action are not well taken. The concurrence in, and sanction of, the loan upon vacant lots by the testator, Willetts, and the other trustee, who demurs, clearly appear. It is averred that they voted for it. It was as effective to do so as members of the finance committee, as in the full board. As trustees they approved of this improper use of the moneys of the bank.

There must be judgment for the plaintiff on the demurrer, with liberty to the defendant to answer on payment of costs.